UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| MANETIRONEY CLERVRAIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:21-CV-393-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| ALISON LUNDERGAN GRIMES *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This is a *pro se* action initiated by Plaintiff Manetironey Clervrain. Plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, this action will be dismissed.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may therefore dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327.

In addition, Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all

1

the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff initiated this action by filing a 73-page Motion for Consideration or Compelling Need(s) or Controversies to Litigate by Invoking the ANT(S) Duty Mitigating Act ("TADMA")

[R. 1]. Plaintiff also filed an Amended Complaint on a Court-supplied form [R. 4]. Plaintiff names the following as Defendants in this action: Alison Lundergan Grimes, the "Secretary of the State of Kentucky"; Andre Matevousian, "Director of the Federal Bureau of Prison (BOP)"; Mitch McConnell, "Senator the State of Kentucky"; and Angela Solomon, "Director of the Executive Office Immigration Review."

Plaintiff's original Motion and Amended Complaint appear to be almost completely devoid of factual allegations. In these documents, Plaintiff refers to himself as the "The Activist," "The ANT," and "the Humanitarian," and makes reference to the Federal Bureau of Prisoners, the governors of Minnesota and Utah, the Systematic Attack Prohibition Domestic Act, the Freedom of Information Act, the Prison Litigation Reform Act, the Immigration and Nationality Act, the Real ID Act, apartheid, genocide, Dr. Martin Luther King, mass deportation, and multiple actions he has filed in other United States district courts. [R. 1, pp. 1, 7–12, 21; R. 4, p. 5]

Upon review, the Court agrees with the analysis of another district court, which recently addressed an action filed by Plaintiff as follows:

> In this case, the Court is completely unable to discern what facts or claims Plaintiff seeks to present in his complaint. While the complaint itself is typed and legible, the words often do not form coherent sentences, nor do they convey clear thoughts. Plaintiff has filed a number of similar suits in district courts throughout the country. *See e.g.*, *Clervrain v. Nejen*, No. 20-cv-134, 2020 U.S. Dist. LEXIS 78306 (N.D. Okla. May 1, 2020) ("motion for supplemental injustice adversely affected ['The Ants'] and for related matter for justification act ('TAJA')"); *Clervrain v. Wilson et al.*, No. 2:20-cv-2061, 2020 U.S. Dist. LEXIS 72228 (W.D. Ark. Apr. 24, 2020) (same); *Clervrain v. Revell*, No. 18-3166-SAC, 2018 U.S. Dist. LEXIS 182340, at * 1 (D. Kan. Oct. 24, 2018) ("Mr. Clervrain has filed more than thirty cases in various federal courts across the country.) As other courts have stated, Plaintiff's complaints "contain a lot of legal labels but their few factual assertions are not sufficient to determine whether Clervrain has alleged a plausible claim for relief." *Clervrain v. Pompeo*, No. 4:20-cv-555-SRC, 2020 U.S. Dist. LEXIS 72948, at *3 (E.D. Mo. Apr. 24, 2020) (quoting *Clervrain v. Coraway*,

> No. 3:18-cv-819-G-BN, 2018 U.S. Dist. LEXIS 204942, at *3 (N.D. Tex. Nov. 9, 2018)).
>
> Because the court is unable to decipher Plaintiff's rigmarole, his complaint necessarily lacks an arguable basis either in law or fact. Moreover, Plaintiff's complaint presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of Fed. R. Civ. P. 8. Even giving the most liberal construction to Plaintiff's complaint, . . . the Court is unable to find that a cause of action has been alleged, much less that such cause lies against Defendant[s].

*Clervrain v. Sawyer*, No. 1:20-cv-348, 2020 U.S. Dist. LEXIS 109561, at *3–5 (W.D. Mich. June 23, 2020) (citations omitted).

This Court too is unable to decipher Plaintiff's pleadings and will therefore dismiss this action by separate Order as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to comply with the notice-pleading requirements of Fed. R. Civ. 8(a).

This the 30th day of July, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
A958.011